**ULRICHSEN ROSEN & FREED LLC**
By: Derek M. Freed, Esquire
NJ Attorney Identification No.: 026022000
Pennington Point East
23 Route 31 North, Suite A-20
Pennington, NJ 08534-2311
TELEPHONE:   (609) 730-3850
FACSIMILE:   (609) 730-3860
EMAIL:   dmf@urf-law.com

| | |
|---|---|
| **IN RE:** | UNITED STATES BANKRUPTCY COURT, DISTRICT OF NEW JERSEY |
| **ROBERT J. HEIL,** | CASE NO.: 15-10014-CMG |
| | CHAPTER 7 |
| Debtor. | HON. CHRISTINE M. GRAVELLE |
| | **CERTIFICATION OF COUNSEL** |

TO:   William L. Pegg, Jr. Esquire
133 Washington Street
Morristown, New Jersey, 07960

Paul V. Buonaguro, Esquire
Deputy Attorney General
Office of the Attorney General
Division of Law
25 Market Street
P.O. Box 106
Trenton, New Jersey, 08625

Peggy E. Stafford, Trustee
1516 Highway 138, Suite 2B
Wall Township, New Jersey, 07719

DEREK M. FREED, of full age, hereby certifies as follows:

1.   I am a member of the firm, Ulrichsen Rosen & Freed LLC. I make this certification in opposition to Debtor's motion for sanctions against Ulrichsen Rosen & Freed LLC. This certification is based on my personal knowledge.

1

## Background

2. This firm represents Debtor's wife, Arielle Friedman, (hereinafter "Ms. Friedman") in a divorce action pending in the Superior Court of New Jersey, Chancery Division, Family Part, in Hunterdon County, under docket number FM-10-396-14. Ms. Friedman is the Plaintiff in the divorce action and Debtor is the Defendant.

3. I am the attorney primarily responsible for handling Ms. Friedman's divorce case. I practice exclusively in the field of family law. William J. Pegg, Jr., Esquire, currently represents Debtor in both the matrimonial action and the bankruptcy action. Robert Bernot, Esquire, previously represented Debtor in the matrimonial action.

4. On April 23, 2014, I filed a Complaint for Divorce on behalf of Ms. Friedman in the New Jersey Superior Court. **Exhibit "A"**. Debtor failed to file a responsive pleading. As such, the Court entered default against him on July 30, 2014. **Exhibit "B"**.

5. On November 17, 2014, Ms. Friedman and I were to appear for a default hearing to dissolve the marriage. **Exhibit "C"**. On the day of the default hearing, Debtor, appeared *pro se*. He made an oral request to vacate the entry of default. The Court directed that he file a formal motion to vacate the entry of default by December 1, 2014. The Court issued its directives on the record from the bench on November 17, 2014. See **Exhibit "D"**. The Court entered an order memorializing its November 17, 2014 decision on December 1, 2014. **Exhibit "D"**.

6. The Debtor filed a formal motion with to vacate default on November 21, 2014. **Exhibit "E."** Mr. Pegg filed the certification in support of Debtor's application, in

which he represented that there would be no further delays in dissolving the parties' marriage. See ¶14 of **Exhibit "E"**.

7. Under the belief that Debtor was willing to amicably and quickly resolve this matter, on **December 24, 2014** my client filed a cross-motion, which consented to Debtor's request to vacate the entry of default. **Exhibit "F"**. However, as a condition of vacating default my client requested that Debtor pay her reasonable counsel fees and costs, which were incurred to prepare for the default hearing. **Exhibit "F"**.

8. Debtor's reply to our cross-motion was due to be filed with the Court on or before December 31, 2014. The return date of Debtor's motion was January 9, 2015 before the Honorable Angela Borkowski, J.S.C.

9. On January 2, 2015, while Debtor's motion was pending in the Family Part, he filed a petition for bankruptcy. As such, the automatic stay went into effect on **January 2, 2015** pursuant to 11 U.S.C.A. §362.

### As to the Notice of Lis Pendens

10. The Court should deny Debtor's application for sanctions against Ulrichsen Rosen & Freed LLC for filing a Notice of Lis Pendens. There is no basis for sanctions to be entered, as the Notice of Lis Pendens was filed on December 31, 2014 at 9:11 am, which is **2 days before** the automatic stay went into effect. See **Exhibit "G"**.

11. As further evidence that the Notice of Lis Pendens was filed in good faith, I did not receive notice from Debtor that he was actually planning to file for bankruptcy until December 31, 2014 at 1:37 pm, which was **4 hours after** I filed the Notice. On

December 31, 2014, I was copied on a letter from Mr. Pegg's Office addressed to the Hon. H. Matthew Curry, J.S.C. of the Hunterdon County, Family Part advising that Debtor would be filing a petition for relief with the United States Bankruptcy Court on **Friday, January 2, 2015.** See **Exhibit "H"**.

12. Accordingly, Debtor's application for sanctions is made in bad faith. Thus, I ask that this Court deny the Debtor's application for sanctions against Ulrichsen Rosen & Freed LLC.

### As to the January 9, 2015 Order

13. I ask that this Court deny Debtor's application for sanctions against Ulrichsen Rosen & Freed LLC as (1) this firm took no affirmative action relative to the Debtor's motion to vacate default after **December 24, 2014** and (2) the Court has vacated the January 9, 2015 Order thereby eliminating any harm to the Debtor.

14. As stated above, Debtor filed a motion to vacate the entry of default with the Family Part Court on November 22, 2014. The motion was returnable before the Court on January 9, 2015. In response to Debtor's motion, I filed a cross-motion on my client's behalf on **December 24, 2014**. **Exhibit "F"**. The cross-motion consented to vacating the entry of default against the Debtor, but requested an award of counsel fees for the work done to prepare for the default hearing.

15. Debtor's response was due to be filed with the Court by **December 31, 2014**. However, Debtor failed to file a reply. As such, the Court did not entertain oral argument and Debtor's application was decided on the papers. See **Exhibit "I"**. Thus,

this firm took no affirmative action relative to Debtor's motion after **December 24, 2014,** which was **8 days** before the Debtor filed his petition for bankruptcy.

16. Moreover, the January 9, 2015 order has been vacated in its entirety and any potential harm to Debtor has been eliminated. I received a copy of the Court's January 9, 2015 Order on January 12, 2015. See **Exhibit "I"**. The Order granted the Debtor's application to vacate the entry of default and awarded my client counsel fees. **Exhibit "I"**.

17. The same day, Mr. Pegg wrote to the Court on and asked that the Court vacate its Order. **Exhibit "J"**. My associate wrote a letter to the Court merely noting our objection to their demand. **Exhibit "K"**. The Court granted Mr. Pegg's request and on January 13, 2015 the Court issued a second Order, which vacated the January 9, 2015 Order in its entirety. **Exhibit "L"**. As the January 9, 2015 Order has been vacated in its entirety, the Defendant has suffered no harm. As such, the Court should deny the Debtor's application for sanctions against Ulrichsen Rosen & Freed LLC. Making an objection to a judge on behalf of a client cannot serve as a basis for the entry of sanctions.

## As to the Case Management Conference

18. This Court should reject the Debtor's application for sanctions against Ulrichsen Rosen & Freed LLC for attempting to participate in a case management conference (hereinafter "CMC"). First, the Superior Court scheduled the January 12, 2015 CMC. Second, this CMC was scheduled before Debtor filed his petition for

5

bankruptcy. The purpose of the CMC was only to discuss the logistics of the parties' matrimonial action (e.g., scheduling matters). Most importantly, the CMC did not occur.

19. On **December 30, 2014** the Court scheduled the parties to participate in a telephonic CMC on January 12, 2015 at 11:30am. **Exhibit "M"**. As such, the CMC was scheduled **3 days before** Debtor filed his petition for bankruptcy. Moreover, this was the Court's second attempt to hold a CMC as Mr. Pegg failed to appear for the parties' first CMC. See **Exhibit "M"** and **Exhibit "N"**.

20. Pursuant to the Court's procedure, as the attorney for the Plaintiff in the matrimonial action, I am required to initiate the telephone conference between the parties and the Court. See **Exhibit "M"**. Although I had received a letter from Mr. Pegg stating that the Court's January 9, 2014 order was being vacated in its entirety, I had no confirmation of that fact from the Court on January 12, 2015. Regardless, vacating the January 9, 2015 Order would not address whether the previously scheduled CMC was cancelled.

21. For guidance, I had my associate, Alexandra Price-Miller, Esquire contact the Court. I learned that the CMC was still scheduled and that the purpose of the CMC was only to discuss whether the parties' matrimonial action should be placed on the Court's inactive list in light of the Debtor filing a petition for relief in the Bankruptcy Court.

22. At the Court's direction, my associate contacted Mr. Pegg's office to initiate the CMC. Mr. Pegg refused to participate. As such, the CMC **did not occur**.

23. The Court determined *sua sponte* to place the parties' matrimonial action on the inactive list. See **Exhibit "O"**. As the case management conference did not occur, I ask that this Court reject the Debtor's application for sanctions against Ulrichsen Rosen & Freed LLC.

24. Lastly, regardless of whether the CMC occurred, participating in the CMC would not have violated the automatic stay. In my experience, case management conferences, which discuss the logistics of a case, occur frequently upon a litigant filing for bankruptcy. At these conferences, the attorneys discuss how the matter should proceed with the Court. Therefore, this Court should reject Debtor's application for sanctions against Ulrichsen Rosen & Freed LLC for attempting to participate in a CMC to discuss the logistics of the parties' matrimonial action.

## Conclusion

25. Our actions either pre-date the filing of Debtor's bankruptcy proceeding or relate to matters scheduled by the Court. There is no basis for any sanctions to be entered against this law firm, or the Superior Court of New Jersey. This Court should reject debtor's overly litigious position.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
DEREK M. FREED

Dated: January 26, 2015

# ULRICHSEN ROSEN & FREED LLC

PENNINGTON POINT EAST | 23 ROUTE 31 NORTH, SUITE A-20 | PENNINGTON, NJ 08534
P 609 730 3850 | F 609 730 3860 | WWW.URF-LAW.COM

January 26, 2015

***Via* Same Day Courier**

Clerk of the Bankruptcy Court
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

    Re:    In re: Robert J. Heil
             Case No. 15-10014-CMG

Dear Sir or Madam:

    The Debtor in the aforementioned matter has filed a motion for sanctions against this firm, Ulrichsen Rosen & Freed, LLC. The return date of the motion is currently returnable on February 3, 2015 at 10:00am before the Honorable Christine M. Gravelle.

    Enclosed for filing please find the following:

- Certification of Counsel in Opposition to Debtor's Motion for Sanctions Against Ulrichsen Rosen & Freed LLC

- Certification of Non-Compliance Regarding Case Management/Electronic Filing ("CM/ECF")

    Please file stamp a copy of the enclosed documents and return fully conformed copy to me in the pre-postage paid envelope provided herein.

                                                             Respectfully,

                                                             Derek M. Freed

DMF:drt
cc w/Enc:    Hon. Christine M. Gravelle (*via* Same Day Courier)
                    William L. Pegg, Jr., Esquire (*via* Email and FedEx Priority)
                    Paul V. Buonaguro, Esquire (*via* Email and FedEx Priority)
                    Peggy E. Stafford, Bankruptcy Trustee (*via* FedEx Priority)
                    Ms. Arielle Friedman (*via* email)